UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDERICK W. BAUER,                              Civil No. 06-1763 (JRT/FLN)

        Petitioner,

v.                                               **REPORT AND RECOMMENDATION**

ALBERTO GONZALES, GRANT
JOHNSON, MIKE ISSACSON, DON
TOMSCHE, JOHN MANN, GLORIA
VILLAREAL, JOE JARVIS, DWAYNE
TRUAX, JIM JARVIS, DAN STADIN,
WILLIAM GAEDE, MIKE MOORE,
DENNIS HEAD, JOHN HURLEY, GREG
MACKEY, BRUCE SCHROCK, and
OTHERS UNNAMED AT THIS TIME (1-
100),

        Respondents.

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at 2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

**I.     BACKGROUND**

Petitioner is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota. He is serving several sentences that were imposed approximately fifteen years ago, after he was convicted for a number of federal tax and drug law violations in the United States District Court for the Western District of Wisconsin. Petitioner has challenged his various convictions and sentences in an ongoing series of unsuccessful appeals, motions brought under 28 U.S.C. § 2255, and habeas corpus petitions brought under 28 U.S.C. § 2241 – including at least five such petitions previously filed in this District.

Undeterred by his many past failures, Petitioner is now attempting, once again, to challenge his Wisconsin criminal convictions and sentences in a § 2241 habeas corpus petition. His current petition is a vitriolic screed that covers more than 50 pages. The petition is accompanied by another 100+ pages of briefing, exhibits and other documentation. Although some of Petitioner's grievances seem to involve matters that allegedly occurred after he began serving his current sentences, it is clear that he is still trying to challenge the original convictions and sentences that caused his current confinement. Therefore, Petitioner's current habeas corpus petition, like all of his previous petitions, cannot properly be entertained in this District.

**II.     DISCUSSION**

Petitioner's prior § 2241 habeas petitions were summarily dismissed because a federal prisoner cannot challenge his conviction or sentence in a habeas corpus proceeding, unless he can show that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 [ ¶ 5 ];

DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  See also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"); Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005) (same).

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner can show that he qualifies for the "inadequate or ineffective remedy" exception.  (The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," Abdullah, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas corpus petition from being dismissed under the § 2255 exclusive remedy rule.)

Here, Petitioner obviously is trying, once again, to overturn his Wisconsin federal criminal convictions and sentences.  He claims that those convictions, and the resulting federal prison terms, are invalid because of numerous alleged errors and misdeeds that purportedly occurred during the course of the original trial court proceedings.[2]  Because Petitioner has not shown any reason to apply the "inadequate or ineffective remedy"

---

[2]  The Court recognizes that some of Petitioner's current arguments may not be directly related to the original trial court proceedings.  However, it clearly appears that Petitioner is, for the most part, challenging the validity of his original convictions and sentences.  It would be wholly unreasonable to expect Respondents, or the Court, to attempt to sift through all of Petitioner's vague and voluminous submissions, and attempt to extract some claim(s) that might properly be considered in a § 2241 habeas corpus petition.

exception, his present petition, like all of his similar past petitions, is barred by § 2255's exclusive remedy rule. The legal principles discussed in the court opinions filed in Petitioner's previous cases are fully applicable here, and require that this action, like those filed by Petitioner in the past, be summarily dismissed for lack of jurisdiction. DeSimone, 805 F.2d at 323-24; Abdullah, 392 F.3d at 960.

Finally, the Court notes that Petitioner has filed several collateral motions in this matter, including a "Motion For Preliminary Injunction," (Docket No. 3), a "Motion To Show Cause," (Docket No. 4), and an "Ex Parte Motion To Proceed As An Indigent & Veteran And In Forma Pauperis For the Financial-Assistance Of Counsel, Due Process Of Law, Right(s), Power(s), Privilege(s) & Immunity(s)," (Docket No. 5). Based on the Court's determination that this action must be summarily dismissed for lack of jurisdiction, it is recommended that all of these collateral motions be summarily denied.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's "Motion For Preliminary Injunction," (Docket No. 3), be DENIED;

2. Petitioner's "Motion To Show Cause," (Docket No. 4)," be DENIED;

3. Petitioner's "Ex Parte Motion To Proceed As An Indigent & Veteran And In Forma Pauperis For the Financial-Assistance Of Counsel, Due Process Of Law, Right(s), Power(s), Privilege(s) & Immunity(s)," (Docket No. 5), be DENIED; and

4. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket

No. 1), be summarily DISMISSED for lack of jurisdiction.

Dated: May  25, 2006

                                                s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 14, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.