UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FREDERICK W. BAUER,<br><br>Petitioner,<br><br>v.<br><br>ALBERTO R. GONZALES, GRANT JOHNSON, MIKE ISSACSON, DON TOMSCHE, JOHN MANN, GLORIA VILLAREAL, JOE JARVIS, DWAYNE TRAUX, JIM JARVIS, DAN STADIN, WILLIAM GAEDE, MIKE MOORE, DENNIS HEAD, JOHN HURLEY, GREG MACKEY, BRU SCHROCK, and OTHERS UNNAMED AT THIS TIME (1-100),<br><br>Respondents. | Civil No. 06-1763 (JRT/FLN)<br><br><br><br><br><br>**ORDER** |

Frederick W. Bauer, #02706090, Federal Correctional Institution, P.O. Box 1731, Waseca, MN 56093-0741, petitioner *pro se*.

James E. Lackner, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Frederick W. Bauer ("petitioner"), a federal prisoner incarcerated at the Federal Correctional Institution in Waseca, Minnesota, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated May 25, 2006, United States Magistrate Judge Franklin L. Noel recommended dismissing petitioner's petition for lack of jurisdiction and denying petitioner's collateral motions. Currently before the Court is petitioner's "Interlocutory Appeal of Dispositive Matters,"

which the Court has construed as an objection to the Magistrate Judge's Report and Recommendation, and several collateral motions. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons discussed below, the Court adopts the Report and Recommendation of the Magistrate Judge. The Court also denies the motions filed after the Report and Recommendation was issued.

## BACKGROUND

Petitioner is currently serving sentences imposed in the United States District Court for the Western District of Wisconsin for his federal tax and drug law violations approximately fifteen years ago. Petitioner has challenged his convictions and sentences in an ongoing series of unsuccessful appeals, motions brought under 28 U.S.C. § 2255, and habeas corpus petitions brought under 28 U.S.C. § 2241 – including at least five such petitions previously filed in this District.[1]

Petitioner's most recent section 2241 habeas corpus petition covers more than 50 pages and is accompanied by more than 100 pages of briefing, exhibits, and other documentation. The Magistrate Judge concluded that petitioner is "still trying to challenge the original convictions and sentences that caused his current confinement." (Report and Recommendation at 2.) The Magistrate Judge reasoned that such motions cannot be brought under section 2241 but must be raised in a section 2255 motion before

---

[1] *See, e.g., United States v. Bauer*, 956 F.2d 693 (7th Cir. 1992); *Bauer v. Ashcroft*, 2002 WL 32642913 (D. Minn. Oct. 30, 2002); *Bauer v. Ervin,* 2001 WL 34624042 (D. Minn. June 5, 2001); *see also In re Bauer*, 528 U.S. 16 (1999) (per curiam) (noting that "Bauer has repeatedly abused this Court's certiorari and extraordinary writ processes").

the sentencing court. The Magistrate Judge also noted that some of petitioner's arguments may not be directly related to the original trial court proceedings, but expressed that "[i]t would be wholly unreasonable to expect Respondents, or the Court, to attempt to sift through all of Petitioner's vague and voluminous submissions, and attempt to extract some claim(s) that <u>might</u> be properly considered in a §2241 habeas corpus petition." (Report and Recommendation at 3, n.2.)

Petitioner "refused for fraud" the Magistrate Judge's Report and Recommendation and filed objections to it. Petitioner's primary relevant objection seems to be that the Magistrate Judge failed to address petitioner's three collateral motions on their merits.[2]

## ANALYSIS

**I.     JURISDICTION TO CONSIDER CLAIMS UNDER SECTION 2241**

A federal prisoner challenging a conviction must file the motion in the sentencing court under 28 U.S.C. § 2255. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). There is a narrow exception to this "exclusive remedy" rule of section 2255. Under the "safety valve," a federal prisoner may challenge the imposition of his sentence under 28 U.S.C. § 2241 if he can demonstrate that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). The petitioner in such a situation has the burden of showing that the remedy under § 2255 would be inadequate or ineffective. *Abdullah*, 392 F.3d at 959.

---

[2] Bauer's collateral motions include: "Motion For Preliminary Injunction" [Docket No. 3], "Motion To Show Cause" [Docket No. 4], and "Ex Parte Motion To Proceed As An Indigent & Veteran And In Forma Pauperis For The Financial-Assistance Of Counsel, Due Process Of Law, Right(s), Power(s), Privilege(s) & Immunity(s)" [Docket No. 5].

The Eighth Circuit has held that section 2255 will not be viewed as an inadequate or ineffective remedy "merely because § 2255 relief has already been denied, … or because petitioner has been denied permission to file a second or successive § 2255 motion … or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Furthermore, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092.

Bauer raised nothing in his habeas petition, or in his objection, to indicate that his petition falls within the narrow "safety valve" of section 2241. Specifically, he did not show that he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion. *See In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Consequently, all matters relating to petitioner's conviction or sentence must be summarily dismissed due to lack of jurisdiction.

Some of petitioner's current arguments, however, are directly related to the execution of his sentence and are therefore properly raised in the section 2241 motion before this Court. *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (holding that district court erred when it concluded that it did not have jurisdiction on claims relating to the Inmate Financial Responsibility Program's payment schedule brought in a section 2241 habeas petition); *see also Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995). The Magistrate Judge erred by refusing to consider the merit of these claims.

Petitioner contends that he should not face consequences for his refusal to participate in the Inmate Financial Responsibility Program ("IFRP"). Petitioner argues that because the Judgment and Commitment order imposing the $5,000 fine on petitioner's tax conviction fails to state a method of payment, petitioner is therefore free to pay as he pleases. To the contrary, the Eighth Circuit has held that where the judgment sets only the amount of the fine and not the method of payment, defendant's fine is due immediately under 18 U.S.C. § 3572(d), and prisons have the authority to maintain work programs that require inmates to pay restitution.[3] *Matheny*, 307 F.3d at 712 (citing *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998)). As such, all of petitioner's grievances relating to the consequences of his failure to participate in the IFRP must fail.

Petitioner's petition and collateral motions contain numerous other allegations relating to the execution of his sentence. For example, petitioner complains of repeated transfers between prisons, denial of special shoes, and the rifling through his personal items by prison officials. Section 2241 provides generally that the federal courts have the power to grant writs of habeas corpus for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see*

---

[3] Section 3572(d) states in relevant part, "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless . . . the court provides for payment . . . in installments." 18 U.S.C. § 3572(d).

*Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003).  Because the conduct alleged is not contrary to law, none of petitioner's allegations warrant relief under section 2241.[4]

## II.   PETITIONER'S OBJECTIONS

Petitioner's primary relevant objection seems to be that the Magistrate Judge failed to address petitioner's three collateral motions on their merits.  The first motion is for a preliminary injunction, and requests "an order compelling defendants to perform their preexisting duties under the U.S. Constitution . . . ."  (Docket No. 3 at 2.)  Because the Court has concluded that petitioner has failed to show defendants are behaving contrary to law, the Court denies this motion.  The second motion requests the Court to order respondents to show cause why the writ should not be granted.  (*See* Docket No. 4.)  The Court has determined from the petition that petitioner is not entitled to habeas relief and a response from defendants would not benefit the Court.  Accordingly, the Court denies this motion.  The third motion requests leave to proceed in forma pauperis and requests appointment of counsel.  (*See* Docket No. 5.)  The Court also denies this request because petitioner has failed to state a habeas claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)

---

[4] Petitioner also alleges that prison officials have tampered with his mail and have issued retaliatory incident reports.  If more fully developed, these allegations might form the basis of a *Bivens* action.  *See Carlson v. Green*, 446 U.S. 14, 18 (1980) ("*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.").  However, because petitioner does not object to the Magistrate Judge's disposition of these allegations, the Court will not consider these allegations further.

(holding that where the petitioner has presented only claims that are clearly without merit, the district court should dismiss the case without appointing counsel).

### III. PETITIONER'S COLLATERAL MOTIONS FILED AFTER THE REPORT AND RECOMMENDATION

After filing the objection, petitioner filed a "Motion For Summary Judgment" [Docket No. 10], "Motion For Second Enlargement Of Time" [Docket No. 12], "Motion For Jury Trial Demand and Assistance Of Counsel" [Docket No. 14], and "Motion For Recusal" [Docket No. 15].  The Court considered the allegations in these motions when evaluating petitioner's habeas corpus petition.  *See Lee v. United States*, 501 F.2d 494, 500 (8th Cir. 1974) (reviewing allegations without controlling reference to the label or title of his pleadings, to determine whether the court had jurisdiction under any theory which might afford relief to the *pro se* prisoner).  None of the allegations in these pleadings offer any substance to the habeas petition.

The Court denies the motion for summary judgment because it is not proper to bring a motion for summary judgment in a habeas case, and furthermore, the Court has determined that petitioner is not entitled to habeas relief.  The Court denies the motion for enlargement of time to file an objection to the Report and Recommendation because the Court has construed the "Interlocutory Appeal of Dispositive Matters" as an objection, and the Court is convinced that further briefing by petitioner would not benefit the

Court.[5]  The Court denies the motion for a jury trial on the habeas petition because the Court concludes that the petition is without merit.  Finally, petitioner's motion for recusal is utterly without merit and is also denied.

# ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 9] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 6].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's "Motion For Preliminary Injunction" [Docket No. 3] is **DENIED**;

2. Petitioner's "Motion To Show Cause" [Docket No. 4], is **DENIED**;

3. Petitioner's "Ex Parte Motion To Proceed As An Indigent & Veteran And In Forma Pauperis For The Financial-Assistance Of Counsel, Due Process Of Law, Right(s), Power(s), Privilege(s) & Immunity(s)" [Docket No. 5] is **DENIED**;

**IT IS FURTHER ORDERED** that:

4. Petitioner's "Motion For Summary Judgment" [Docket No. 10] is **DENIED**;

5. Petitioner's "Motion For Second Enlargement Of Time" [Docket No. 12] is **DENIED**;

---

[5] This motion seems motivated in part by petitioner's concern that the Court had not received his "Interlocutory Appeal of Dispositive Matters," which was filed with the Court on June 23, 2006.

6.  Petitioner's "Motion For Jury Trial Demand and Assistance Of Counsel" [Docket No. 14] is **DENIED**;

7.  Petitioner's "Motion for Recusal" [Docket No. 15] is **DENIED**;

8.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] is summarily **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: September 25, 2006　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge